Filed 4/12/16  In re K.S. CA1/4
Received for posting 4/14/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>K.S.,<br><br>        Defendant and Appellant. | A146801<br><br>(Sonoma County<br>Super. Ct. No. J38089) |

K.S. (appellant) appeals from a final judgment disposing of all issues between the parties.  Appellant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* instead was being requested.  Appellant was also advised of her right personally to file a supplemental brief raising any issues she chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

A petition was filed by the Sonoma County District Attorney on September 17, 2014, seeking to have appellant adjudged a ward of the court (Welf. & Inst. Code,[1] § 602,

---

[1]  All further statutory references are to the Welfare and Institutions Code except where otherwise specified.

subd. (a)), and alleged one count of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). Appellant admitted the allegation after advisements, was adjudged to be a ward of the court, and placed with appellant's mother.

On December 9, 2014, the district attorney filed a petition to modify probation. (§ 777, subd. (a).) At a hearing on December 22, 2014, K.S. waived her constitutional rights and admitted allegations of leaving home without permission, missing curfew, and not participating in Vista Academy as required by her grant of probation. The juvenile court retained wardship and re-referred her to Vista Academy.

On March 2, 2015,[2] the district attorney filed a second petition to modify probation, alleging that appellant violated the terms of her probation by leaving home again without permission, and by not keeping the probation department advised of her whereabouts. At a hearing on March 12, appellant waived her constitutional rights and admitted the section 777 petition allegations that she left home without permission, and did not keep the probation department advised of her whereabouts. The court continued the matter until March 17, to allow appellant to be re-interviewed by Vista Academy.

On March 17, the court was advised that Vista Academy agreed to give appellant another chance there. Appellant was ordered to comply with all program requirements and not to miss any more appointments with probation. She was retained as a ward, and ordered to her mother's custody under house arrest, referred to as "community detention, level one."

On May 5, the district attorney filed a third petition to modify probation, alleging that appellant violated the terms of her probation by leaving home again without permission, and in not keeping the probation department advised of her whereabouts. On May 11, after being advised of her rights and voluntarily waiving them, appellant admitted the violation. The case was referred to the probation department for a disposition report, and the matter was continued to May 26.

---

[2] All further dates are in the 2015 calendar year unless otherwise indicated.

2

On May 26, a disposition hearing was held. Appellant's counsel admitted that appellant was engaged in a lifestyle involving the use of drugs and alcohol, and that she was very knowledgeable and sophisticated in this lifestyle in which she was "entrenched." Counsel expressed the hope that a potential commitment to the California Department of Juvenile Justice (DJJ) would motivate appellant to address and overcome her problems. After agreeing that it appeared that the "next step is DJJ," the court retained appellant as a ward of the court, and after making appropriate findings, ordered that appellant be removed from her mother's home and that she be placed under the supervision of the probation department. Appellant was then ordered to be placed in juvenile hall until a suitable alternative placement could be found by the department. The court ordered a six-month placement review to be held on November 19.

Prior to the placement review, the district attorney filed a fourth petition to modify probation, alleging that appellant committed an assault and battery (Pen. Code, §§ 240, 242). On October 5, appellant again waived her constitutional rights and admitted the assault allegation. The separate allegation of battery was dismissed. After making appropriate findings on the record, the court ordered appellant to be detained at juvenile hall and continued the matter to October 20 for disposition.

At the disposition hearing on October 20, the court ordered appellant retained as a ward of the court. The court found appellant fell within the provisions of sections 602 and 777 and was eligible for commitment to the DJJ, finding that "[t]he mental and physical condition and qualifications of this youth render it probable that she will benefit from the reformatory discipline or other treatment provided by the [DJJ]." The commitment was based on the original admitted offense of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)), which the court noted was a section 707, subdivision (b) offense, with a maximum term of 48 months.

The court found the previous disposition had not been effective in the rehabilitation of the minor and after consideration of individual facts and circumstances, imposed a term of three years five months, with actual credits of 110 days.

3

We have reviewed the entire record, including the transcript of the hearings referred to above, and have concluded that all findings made by the juvenile court were supported by the evidence.  There was no error in the disposition, as it was fully supported factually, and was chosen by the court in accordance with applicable juvenile law principles.  Appellant was represented by counsel throughout the proceedings, and we have concluded there are no meritorious issues to be argued or that require further briefing on appeal.

**DISPOSITION**

The judgment is affirmed.

_____

RUVOLO, P. J.

We concur:


_____

RIVERA, J.


_____

STREETER, J.

A146801, *In re K.S.*